**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PROFESSIONAL ORTHOPEDIC ASSOCIATES, PA, et al., | : | |
| Plaintiffs, | : | Civil Action No. 14-4486  (MAS) (DEA) |
| v. | : | |
| CAREFIRST BLUECROSS BLUESHIELD, et al., | : | **OPINION** |
| Defendants | : | |

**SHIPP, District Judge**

     This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, brought by a healthcare provider, a professional medical association, and an individual identified only as "Patient GG" (collectively, "Plaintiffs") to recover medical benefits under a health insurance plan.   Presently before the Court is Defendant Geico Corporation's ("Geico") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the motion to dismiss is granted, and Plaintiffs' complaint is dismissed.  The dismissal is with prejudice, with the exception of the dismissal of Patient GG's section 502(a)(1) claim in Count I, which is without prejudice to the filing of an amended complaint properly identifying Patient GG.

I.     <u>**Background**</u>[1]

Plaintiff Jason Cohen, M.D. ("Dr. Cohen") is a board certified orthopedic surgeon licensed to practice in New Jersey.  (Compl. ¶ 2, ECF No. 1.)  Dr. Cohen is shareholder and owner of Professional Orthopedic Associates, PA ("POA"), a professional medical association with offices in Tinton Falls, Toms River, and Freehold, New Jersey.  (*Id.* ¶¶ 1-2.)  On February 24, 2012, Dr. Cohen performed medically-necessary spinal surgery and other unspecified procedures on Patient GG.  (*Id.* ¶¶ 33, 37.)

Patient GG is a member of, beneficiary of, participant in, and/or insured by a health insurance policy (the "Plan") issued and/or administered by Defendant CareFirst BlueCross BlueShield ("CareFirst").  (*Id.* ¶ 5.)  Geico is Patient GG's employer and is the Plan sponsor.  (*Id.* ¶ 4; Plan § 2.23, ECF No. 21-1.)  The complaint alleges that "CareFirst and/or Geico are the plan administrator(s)."  (Compl. ¶ 10.)  Patient GG's policy permits subscribers to obtain healthcare services from "non-participating" or "out-of-network" providers, i.e., providers who have not entered into contracts with CareFirst.  (*Id.* ¶ 9.)  Prior to performing the surgery on Patient GG, POA confirmed with CareFirst that Patient GG had out-of-network benefits for the spinal surgery.  (*Id.* ¶ 36.)

When providing out-of-network services, POA and Dr. Cohen require patients to enter into an agreement to be personally responsible for all medical charges.  (*Id.* ¶ 15.)  Part of this agreement includes an Authorization of Designated Representative to Appeal a Determination ("AODR") and an Assignment of Benefits with Rights ("AOB") that purportedly confer

---

[1] The facts in this section are derived from the complaint, and where Geico has moved under Rule 12(b)(6), the Court accepts them as true and views them in a light most favorable to Plaintiff.  In addressing that portion of Geico's motion brought under Federal Rule of Civil Procedure 12(b)(1), the Court applies the relevant legal standard as set forth *infra*.

beneficiary status on POA. (*Id.* ¶¶ 15-16; Cert. of Gavin Handwerker ("Handwerker Cert."), Ex. A at 5, ECF No. 24-1.) Patient GG signed the AODR on August 9, 2011. (Compl. ¶ 18.) Patient GG also signed an AOB on an unspecified date. (*Id.* ¶ 19.)

After Patient GG's spinal surgery, POA submitted a claim to CareFirst for the services rendered by Dr. Cohen in the amount of $161,243. (*Id.* ¶ 39.) In an Explanation of Benefits dated March 28, 2012, CareFirst stated that it was allowing a total of $7,801.34 on the claim. (*Id.* ¶ 41.) After deducting Patient GG's coinsurance responsibility, CareFirst paid $6,360.09 on the claim. (*Id.*)

On April 30, 2012, Dr. Cohen filed a First Level Appeal alleging that CareFirst's payment was below the usual and customary rates for the services charged by a surgeon in the relevant geographic area. (*Id.* ¶ 42.) Dr. Cohen also requested the documentation that was relied upon in making the compensation decision. (*Id.*) CareFirst did not provide a written response to the First Level Appeal. (*Id.* ¶ 43.)

After Dr. Cohen's office made several verbal attempts to obtain a written response to his First Level Appeal, Dr. Cohen filed a Second Level Appeal on August 20, 2012. He again claimed that CareFirst's payment was below the usual and customary rates and again requested the documentation that was relied upon in making the compensation decision. (*Id.* ¶ 44.) CareFirst did not provide a written response to the Second Level Appeal. (*Id.* ¶ 45.)

On July 17, 2013, Dr. Cohen filed a First Level Member Appeal on July 17, 2013, making the same claims as in his two earlier appeals and requesting certain specific items of information including a copy of Patient GG's Summary Plan Description ("SPD"). (*Id.* ¶ 46.) By letter dated December 18, 2013, CareFirst denied Dr. Cohen's First Level Member Appeal and stated that

payment was made in accordance with the provisions of Patient GG's plan.  (*Id.* ¶ 48.)  CareFirst did not provide the SPD or any of the other requested documentation.  (*Id.* ¶ 47.)

On March 12, 2014, Dr. Cohen filed a Second Level Member Appeal making the same claims as in his July 2013 appeal.  (*Id.* ¶ 49.)  This appeal was sent to both CareFirst and Geico.  (*Id.* ¶ 50.)  CareFirst responded by letter dated March 28, 2014, stating that the appeal should be directed to the "Local BlueCross BlueShield Plan."  (*Id.* ¶ 51.)  No SPD was provided with CareFirst's response.  (*Id.*)

Plaintiffs allege that they have exhausted their administrative remedies and filed the instant action seeking to recover the outstanding balance from Patient GG's surgery.

## II.   Analysis

### A.   Legal Standard – Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This pleading standard does not require "detailed factual allegations," but it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action" will not suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* To decide if a complaint meets this plausibility standard and, therefore, survives a motion to dismiss, the Third Circuit has set forth a three-step analysis. A court must (1) "outline the elements a plaintiff must plead to a state a claim for relief"; (2) "peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**B.      Legal Standard – Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a case may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A motion to dismiss for want of standing is . . . properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). When subject matter jurisdiction is challenged under this rule the plaintiff bears the burden of persuasion. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A motion under Rule 12(b)(1) can be facial, i.e., it attacks the complaint as deficient on its face, or it can be factual, i.e., it attacks the existence of subject matter jurisdiction in fact. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Defendant in this case makes a factual attack on the Court's subject matter jurisdiction. Accordingly, the Court may consider the evidence submitted by the parties in deciding the Rule 12(b)(1) challenge.

### C.        Whether POA and Dr. Cohen Have Statutory Standing

Under ERISA's civil enforcement provision, only participants and beneficiaries have standing to bring a lawsuit.  *See* 29 U.S.C. § 1132(a)(1); *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004).  A "participant" is defined as "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7).  A "beneficiary" is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8).

Plaintiffs contend that Dr. Cohen and POA have derivative standing to bring the claims in this lawsuit as Patient GG's "Authorized Representative."  Indeed, the Third Circuit recently confirmed that a healthcare provider may assert "properly assigned ERISA claims on behalf of their patients." *CardioNet, Inc. v. CignaHealth Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014).  However, Plaintiffs here have failed to establish the existence of "properly assigned" claims.

The complaint alleges that POA was made a "beneficiary of the ERISA healthcare plan" by virtue of the AOB signed by Patient GG.  (Compl. ¶ 15.)  The AOB provided as follows:

> I hereby assign all rights and benefits due me [sic] from my insurance carrier to [POA] and authorize and empower POA to appeal a determination by a carrier to deny, reduce or terminate my benefits including, but not limited to, the filing of a lawsuit . . . and direct my insurance carrier to pay the proceeds of any benefits due me [sic] directly to POA.
>
> &ast; &ast; &ast;
>
> In the event that the doctor elects to bring a lawsuit . . . against the insurance carrier, I assign my rights, title and interest under any section of any insurance policy under which I am entitled to proceed for benefits.  This assignment shall allow an attorney of their choosing to bring suit . . . for any unpaid bills for treatment rendered.

(*Id.* ¶ 19(a), (c).)  Plaintiffs also point to the AODR, which Plaintiffs argue "is broad and allows POA and Dr. Cohen the ability to pursue litigation on behalf of [Patient GG]."  (Pls.' Opp'n Br. 5, ECF No. 24.)

The Plan, however, also contains an express anti-assignment clause, which provides as follows:

> 12.1 Assignment. Unless otherwise permitted under this Plan . . . , a Member cannot assign any Benefits or payments due under the Medical Program to any person (including a physician), corporation, or other organization.  Any such assignment will be void.

(Plan § 12.1.)  This provision is unambiguous and prohibits the purported assignment in this case. Although the Third Circuit has not specifically addressed the enforceability of anti-assignment clauses in ERISA-governed plans, the majority of circuits addressing the question as well as other courts in this district have considered the issue and held such provisions to be enforceable.  *See*, *e.g.*, *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295-96 (11th Cir. 2004) ("[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable."); *LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores, Inc.*, 298 F.3d 348 (5th Cir. 2002) (reversing district court and holding that anti-assignment clause in ERISA plan was enforceable); *City of Hope Nat'l MedCtr. v. HealthPlus Inc.*, 156 F.3d 223, 229 (1st Cir. 1998) ("[W]e hold that ERISA leaves the assignability or non-assignability of health care benefits under ERISA-regulated welfare plans to the negotiations of the contracting parties."); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d 1460, 1464-65 (10th Cir. 1995) ("ERISA's silence on the issue of assignability of insurance benefits leaves the matter to the agreement of the contracting parties."); *Davidowitz v. Delta Dental Plan of Cal., Inc.*, 946 F.2d 1476, 1478 (9th Cir. 1991) ("As a general rule of law, where the parties' intent is clear, courts will enforce non-assignment provisions."); *Neurological Surgery*

7

*Assoc. P.A. v. Aetna Life Ins. Co.*, No. 12-5600, 2014 WL 2510555, at *4 (D.N.J. June 4, 2014);

*Torpey v. Blue Cross Blue Shield of Tex.*, No. 12-7618, 2014 WL 346593, at *3 (D.N.J. Jan. 30, 2014); *Cohen v. Independence Blue Cross*, 820 F. Supp. 2d 594, 605-06 (D.N.J. 2011).  Thus, this Court concludes that the anti-assignment provision in the benefit plan is valid and enforceable. Under the clear and unambiguous language of the Plan, the purported assignments relied upon by Dr. Cohen and POA are void.  As such, neither Dr. Cohen nor POA are beneficiaries under the Plan, and they lack standing to bring their claims.

### D.     Whether Patient GG Has Article III Standing

Although not listed as a plaintiff on the civil cover sheet submitted with the complaint, the complaint names Patient GG as a Plaintiff in this action.[2]  Geico argues that Patient GG lacks standing because he has alleged no injury-in-fact.  "It is axiomatic that, in addition to those requirements imposed by statute, plaintiffs must also satisfy Article III of the Constitution" to establish the existence of standing and jurisdiction.  *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 455 (3d Cir. 2003).  The requirements of Article III standing are as follows:

> (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).  Here, however, the complaint alleges that Patient GG is personally responsible for all medical charges.  (Compl. ¶¶ 15,

---

[2] According to the complaint, in the event that the assignment under the AOB "is held invalid for any reason," Plaintiff authorized "POA to appoint an attorney of its choice to represent [him] directly" and bring a claim "in a forum of the attorney's choice."  (Compl. ¶ 19.)

8

19.)  Consequently, the allegations that Defendants have failed to pay benefits allegedly due to Patient GG and that Patient GG's is personally liable to POA and Dr. Cohen for the medical expenses incurred are sufficient to establish the existence of Article III standing.  *See Cohen v. Horizon Blue Cross Blue Shield*, No. 13-3057, 2013 WL 5780815, at *7 (D.N.J. Oct. 25, 2013) ("Horizon's failure to pay the benefits allegedly due to Patient F.L., and Patient F.L.'s consequent liability to Dr. Cohen constitute a particularized injury sufficient to confer Article III standing.").

"Patient GG," however, has filed this lawsuit using a pseudonym, which the Third Circuit has stated "runs afoul of the public's common law right of access to judicial proceedings." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011).  Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings, although "in exceptional cases courts have allowed a party to proceed anonymously." *Id.*  A party wishing to proceed anonymously must show "'both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable.'" *Id.* (quoting *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010)).  Patient GG did not seek leave to proceed anonymously, nor do any of the allegations in the complaint establish that Patient GG could be in fear of severe harm had he proceeded using his own name. In fact, the existence of the fear of any harm is belied by the fact that the documents filed by Plaintiffs in opposition to Geico's motion appear to contain Patient GG's identity.  Consequently, the Court shall dismiss Patient GG's claims without prejudice to him filing an amended complaint properly identifying himself.

In light of the Court's finding that Patient GG has standing, the Court next examines the viability of the claims asserted in the Complaint.

### E.    Whether Count I States a Claim

Geico advances two arguments for dismissal of Count I of the complaint.  First, Geico points out that Count I is captioned as a "Violation of ERISA Section 502(a)(1)(B)," which is the section under which participant or beneficiary can bring a claim to recover benefits due to him under a plan,[3] yet Plaintiffs also appear to be asserting a breach of fiduciary duty claim in Count I.  Geico argues that to the extent Count I asserts a breach of fiduciary duty claim, that claim is improper and duplicative of the section 502(a)(1)(B) claim to recover benefits and should be dismissed.

Plaintiffs respond by confirming that they are asserting a section 502(a)(1)(B) claim to recover benefits.  (*See* Pls.' Opp'n Br. 10 ("Plaintiffs submit that they have the explicit right under ERISA Section 502(a)(1)(B) to bring a civil action to recover benefits due to them under the terms of the [P]lan . . . .  Plaintiff[s], indeed pursue this action in an effort to recover benefits due to them under the Plan.").)  Plaintiffs further allege, purportedly in support of this claim, that "Geico acted as a fiduciary by its action in analyzing Plaintiff[']s claims for benefits and determining the allocation of such."  (*Id.*)  Plaintiffs do not directly address, however, the issue of whether the breach of fiduciary duty claim is improper or duplicative of the benefits claim.

Under ERISA, a "fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries." 29 U.S.C. § 1104(a)(1). If an individual is allegedly harmed by a breach of the fiduciary duty, he may seek the relief under § 1132(a)(3).  *Vanity Corp. v. Howe*, 516 U.S. 489, 507 (1996).  However, the relief available under § 1132(a)(3)(B) is limited

---

[3] Section 502(a)(1)(B) explicitly provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).

to "appropriate equitable relief," and "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Vanity Corp.*, 516 U.S. at 515; *see also Cohen v. Independence Blue Cross,* 820 F. Supp. 2d 594, 608 (D.N.J. 2011) (dismissing breach of fiduciary duty claim because plaintiff "does not seek 'additional relief' otherwise not provided for in § 502(a)(1)"); *Zahl v. Cigna Corp.,* No. 09-1527, 2010 WL 1372318, at *3-4 (D.N.J. Mar. 31, 2010) (dismissing breach of fiduciary duty claim where such claim provided "no additional relief to that which" he could receive from his § 502(a)(1) claim); *Morley v. Avaya Inc. Long Term Disability Plan For Salaried Employees*, No. 04-409, 2006 WL 2226336, *23 (D.N.J. Aug. 3, 2006) (granting summary judgment in favor of defendants on breach of fiduciary duty claim where plaintiff "has not claimed any additional relief under her breach of fiduciary duty claim that she is not otherwise potentially entitled to if she prevails on her wrongful denial of benefits claim.").

Having carefully reviewed the Complaint, the Court finds no indication that, to the extent that Count I attempts to assert both a breach of fiduciary duty claim and section 502(a)(1)(B) claim for benefits, the fiduciary duty claim is distinct from the benefits claim.  The fiduciary duty claim does not seek any additional relief otherwise not provided for by section 502(a)(1).  As such, the claim for breach of fiduciary duty (to the extent it is being asserted) cannot stand.

In Geico's second argument for dismissal of Count I, it contends that it is not a proper defendant for a section 502(a)(1)(B) claim because it is the "plan sponsor" and not the "plan administrator" or the plan itself.  (*See* Geico's Moving Br. 11, ECF No. 21-3 (citing *Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc.*, 311 F. Appx. 556, 558 (3d Cir. 2009) ("In a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan.")).)   Geico's argument,

however, places too much focus on titles than function.  As one court observed, "[r]ather than looking solely to the plan's identification of 'plan administrator,' the [Third Circuit's] analysis [in *Evans*] placed its focus on whether the identified entity had discretion to interpret the plan and make benefits determinations." *Franco v. Conn. Gen. Life Ins. Co.*, 818 F. Supp. 2d 792, 818 (D.N.J. 2011); *see also Evans*, 311 F. Appx. at 558 ("Exercising control over the administration of benefits is the defining feature of the proper defendant."); *Narducci v. Aegon USA, Inc.*, No. 10-955, 2010 WL 5325643 (D.N.J., Dec. 15, 2010) (employer with no role in determining benefits not a proper defendant).

Here, the complaint alleges that both Geico and CareFirst performed the following functions: "preparation and submission of explanations of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with medical providers and their patients, beneficiaries, and participants under the plan, and coverage, handling, management, review, decision making and disposition of appeals and grievances under a plan."  (Comp. ¶ 24.) In analyzing Geico's motion under Rule 12(b)(6) the Court must presume these allegations in the complaint to be true.   Taking these allegation as true, Geico exercised control over the administration of benefits.   Therefore, at least at this stage in the litigation, Geico is a proper defendant under Count I.

## F.    Whether Count II States a Claim

Count II seeks statutory penalties based upon an alleged failure to provide documents requested by Plaintiffs.   There is nothing in Count II directed at Geico, the only remaining defendant in this matter.   Count II states that documents were requested from CareFirst (Compl. ¶ 82), that CareFirst failed to provide the requested documents (*id.* ¶ 84) and that CareFirst had the obligation to provide the documents (*id.* ¶¶ 85-86).   (*See also id.* ¶ 89 ("[B]ecause Defendant

CareFirst was the administrator of the health insurance plan and because Defendant CareFirst withheld the documents, Defendant CareFirst is subject to [statutory] penalties.").)   Count II, therefore, is dismissed.

### III.   Conclusion

For the reasons above, Geico's motion is granted.   The claims of POA and Dr. Cohen are dismissed in their entirety with prejudice.   The claims of Patient GG are dismissed without prejudice.   An appropriate order accompanies this Opinion.

_MICHAEL A. SHIPP_

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Date:  June 30, 2015