**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROFESSIONAL ORTHOPEDIC ASSOCIATES, PA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CAREFIRST BLUECROSS BLUESHIELD, et al., <br><br> Defendants. | Civil Action No. 14-4486 (MAS) (DEA) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant GEICO Corporation's[1] ("GEICO") motion to dismiss, with prejudice, Plaintiff Gary Glatt's ("Glatt") First Amended Complaint ("Amended Complaint") for failure to exhaust administrative remedies pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 41.) Glatt opposed the motion (ECF No. 43), and GEICO replied (ECF No. 44). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, GEICO's motion to dismiss is granted.

**I.   Background**

On June 30, 2015, the Court dismissed all the claims in the Complaint, with prejudice, "with the exception of the dismissal of Patient GG's section 502(a)(1) claim in Count I, which [was] without prejudice to the filing of an amended complaint properly identifying Patient GG."

---

[1] GEICO Corporation was improperly pled as GEICO in the Amended Complaint.

(Op. 1, ECF No. 29.) Thereafter, Glatt filed the two-count Amended Complaint against GEICO.[2] (ECF No. 35.)

The Amended Complaint alleges that, on February 24, 2012, Jason Cohen, M.D., F.A.C.S. ("Dr. Cohen"), a shareholder and owner of Professional Orthopedic Associates, PA ("POA"), performed a complex spinal surgery and other unspecified procedures (the "Services") on Glatt.[3] (Am. Compl. ¶ 32, ECF No. 35.) Glatt is a member of, beneficiary of, participant in, and/or insured by a health insurance policy (the "Plan") issued and/or administered by CareFirst BlueCross BlueShield[4] ("CareFirst") and GEICO. (*Id.* ¶ 3.) The Plan permits subscribers to obtain healthcare services from "non-participating" or "out-of-network" providers, such as POA. (*Id.* ¶¶ 9, 34.) GEICO is a plan administrator. (*Id.* ¶¶ 10, 20.) POA submitted a claim for the Services rendered by Dr. Cohen in the amount of $161,243.00. (*Id.* ¶ 38; Certification of Sheree Roth ("Roth Cert."), Ex. A ("Claim"),[5] ECF No. 43-2.) An Explanation of Benefits, dated March 28, 2012, explained

---

[2] GEICO additionally moves to dismiss Glatt's claims for breach of fiduciary duties in Count One and claims for attorney's fees and statutory damages in Count Two. As the Court has already dismissed these claims, the Court will not address GEICO's additional arguments. Instead, the Court again dismisses those claims with prejudice.

[3] The facts in this section are derived from the Amended Complaint, and for the purposes of GEICO's Rule 12(b)(6) motion, the Court accepts them as true and views them in the light most favorable to Plaintiff.

[4] On September 2, 2014, Plaintiffs POA, Dr. Cohan, and Glatt voluntarily dismissed, without prejudice, Defendant CareFirst BlueCross BlueShield, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. (ECF No. 12.) Subsequently, this Court dismissed all claims made by POA and Dr. Cohen. (ECF No. 30.)

[5] Glatt has submitted eight exhibits in connection with his opposition to GEICO's motion to dismiss. (*See* Certification of Sheree Roth, Exs. A-H, ECF No. 43-2.) In deciding a motion to dismiss, a district court may consider documents integral to or explicitly relied upon in the complaint, even if they are not literally attached. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the documents Glatt attached are integral to and explicitly relied upon in the Amended Complaint as the Amended Complaint specifically alleges the denials

2

that the Plan was covering a total of $7,801.34 on the claim and, after deducting Glatt's coinsurance responsibility, was paying $6,360.09 on the claim. (Am. Compl. ¶ 40; Roth Cert., Ex. B ("EOB"), ECF No. 43-2.)

On April 30, 2012, Dr. Cohen, as an authorized representative of Glatt, filed a "First Level Appeal" alleging that CareFirst's payment was below the usual and customary rates for the services charged by a surgeon in the relevant geographic area. (Am. Compl. ¶ 41.) This "First Level Appeal" was sent to "Blue Card of NJ" at "PO Box 1301 Neptune, NJ 07754." (Roth Cert., Ex. C ("4/30/12 Appeal."), ECF No. 43-2.) GEICO, through CareFirst, did not provide a written response to the "First Level Appeal." (Am. Compl. ¶ 42.) On August 20, 2012, Dr. Cohen, as an authorized representative of Glatt, filed a "Second Level Appeal." (*Id.* ¶¶ 43-44.) The "Second Level Appeal" was filled out on a "BlueCard Claims Appeal Form" and was submitted to "BlueCard Claim Appeals Horizon Blue Cross Blue Shield of NJ" at "P.O. Box 1301 Neptune, NJ 07754-1301." (Roth Cert., Ex. D ("8/20/12 Appeal"), ECF No. 43-2.) GEICO, through CareFirst, did not provide a written response to the "Second Level Appeal." (Am. Compl. ¶ 45.)

On July 17, 2013, Dr. Cohen filed a "First Level Member Appeal" making the same claims as in his two earlier appeals and sending it to the same address as the first two appeals. (*Id.* ¶ 46; Roth Cert., Ex. E ("7/17/13 Appeal"), ECF No. 43-2.) By correspondence, dated December 18, 2013, "Defendant denied Plaintiff's First Level Member Appeal stating that payment was made correctly in accordance with the provisions of [Glatt's] plan." (Am. Compl. ¶ 48; Roth Cert., Ex. F ("12/18/13 Ltr."), ECF No. 43-2.) On March 12, 2014, Dr. Cohen filed a "Second Level Member Appeal" making the same claims as in his July 2013 appeal. (Am. Compl. ¶ 49.) The "Second

---

and appeals embodied in the exhibits. Accordingly, the Court will consider these documents in connection with the Rule 12(b)(6) motion.

3

Level Member Appeal" was sent to "CareFirst BlueCross Blue Shield Attn: Member Appeals" at "10455 and 10453 Mill Run Circle Owings Mills MD 21117" and "GEICO Attn: Employee Benefits Coordinator" at "One GEICO Plaza Washington, D.C. 20076." (Roth Cert., Ex. G ("3/12/14 Appeal"), ECF No. 43-2.) By correspondence dated March 28, 2014, "Plaintiff was advised that the appeal needed to be directed to the 'Local BlueCross Blue Shield Plan.'" (Am. Compl. ¶ 50; Roth Cert., Ex. H ("3/28/14 Ltr."), ECF No. 43-2.) Glatt alleges that he has exhausted his administrative remedies and filed the instant action seeking to recover the outstanding balance for the Services rendered by Dr. Cohen to Glatt. (Am. Compl. ¶¶ 51-54.)

Subsection Six of the Plan governs claim administration and provides the process in which claims for benefits under the medical program are to be submitted to CareFirst. (Def.'s Moving Br., Ex. A ("Plan") § 6.2(a)[6] ("All claims for Benefits under the Medical Program . . . shall be first submitted to CareFirst for review, in accordance with Subsections 6.3, 6.4 and 6.9 below."), ECF No. 41-2.) If a claim for benefits is denied by CareFirst, Subsection 6.11 sets forth the appeal procedures and provides, in relevant part:

> **6.11 Appeals Filed with CareFirst**
>
> \*   \*   \*
>
> b.      An Appeal must be filed within 180 days from the date of receipt of the written notice of any Adverse Benefit Determination. The Member or the Member's Authorized Representative may submit written comments, documents, records, and other information relating to a claim for Benefits.
>
> \*   \*   \*

---

[6] GEICO submitted a copy of the Plan as an exhibit to its Rule 12(b)(6) motion. (ECF No. 41-2.) As the Court previously stated, in deciding a motion to dismiss, a district court may consider documents integral to or explicitly relied upon in the complaint, even if they are not literally attached. *See supra* note 4. Glatt relies on this document in his Amended Complaint and Glatt does not challenge its authenticity. Therefore, the Court will consider this document in connection with the Rule 12(b)(6) motion.

4

>   d. An Appeal and any supporting record of medical documentation should be sent to:
>
>   Central Appeals and Analysis Unit
>   PO Box 17636
>   Baltimore, MD 21297-1636
>
>   e. The time limits for CareFirst to respond to an Appeal will begin at the time the Appeal is filed in accordance with these procedures . . .

(*Id.* § 6.11(b), (d), (e).) If the appeal is denied, Subsection 6.13 states that "the Member or the Member's Authorized Representative may file a second level of Appeal with the Plan Administrator, in accordance with this Subsection 6.13." (*Id.* § 6.13(a).) Specifically, Subsection 6.13 provides, in relevant part:

>   **6.13 Second Level of Review by Plan Administrator**
>
>   \* \* \*
>
>   b. An Appeal of an Adverse Benefit Determination under this Section 6.13 must be filed within 60 days from the date of receipt of the written notice of CareFirst's decision on Appeal under Subsection 6.11.
>
>   \* \* \*
>
>   d. A second level of Appeal and any supporting record of medical documentation should be sent to:
>
>   Benefits Administrative Committee
>   One GEICO Plaza
>   Washington, D.C. 20076
>
>   e. The time limits for the Plan Administrator to respond to a second level of Appeal will begin at the time the second level of Appeal is filed in accordance with these procedures . . .

(*Id.* § 6.13(b), (d), (e).) Additionally, pursuant to Subsection 12.7 of the Plan, a participant may bring a lawsuit only after he "exhaust[s] the claims and appeals procedures outlined in Section 6." (*Id.* § 12.7.)

## II. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. Analysis

GEICO moves to dismiss Glatt's benefits claim under the Plan for failing to exhaust administrative remedies. (Def.'s Moving Br. 6, ECF No. 41-1.) Specifically, GEICO argues that

6

"the allegations in the [A]mended [C]omplaint establish that [Glatt] did not exhaust the administrative remedies available under the Plan." (*Id.* at 8.) In opposition, Glatt argues, first, that the Court, on a motion to dismiss, cannot dismiss his ERISA claim for failing to plead facts sufficient to establish his exhaustion of administrative remedies, because exhaustion is an affirmative defense. (Pl.'s Opp'n Br. 7, ECF No. 43.) Additionally, Glatt argues "[e]ven so, it is clear from the allegations of the complaint that plaintiff exhausted his administrative remedies before filing suit against Geico" by "diligently and thoroughly" pursuing his administrative remedies. (*Id.*) Moreover, Glatt argues that even if he failed to comply with the administrative remedies that his failure to do so should be excused because it would have been futile. (*Id.* at 11-14.)

Congress enacted the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, to "protect . . . the interests of participants in employee benefit plans and their beneficiaries" by setting out substantive regulatory requirements for employee benefit plans and to "provid[e] for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b). ERISA's "comprehensive legislative scheme" includes "an integrated system of procedures for enforcement." *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). ERISA subjects employee benefit plans to participation, funding, and vesting requirements, and to uniform standards on matters like reporting, disclosure, and fiduciary responsibility. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90-91 (1983). "Designed to provide consistency to employers throughout the United States in how they manage their benefit plans, ERISA sets forth six civil enforcement provisions." *King v. UNUM Life Ins. Co. of Am.*, 221 F. Supp. 2d 1, 3 (D. Me. 2002) (citing § 1132(a)). The provision at issue here allows a participant to bring a federal civil action

"to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." § 1132(a) (1)(B).

The Third Circuit has long held that "a party bringing an action under ERISA section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to enforce or clarify the terms of a benefit plan, must exhaust administrative remedies." *Zipf v. Am. Tel. & Tel. Co.*, 799 F.2d 889, 891 (3d Cir. 1986) (citing *Wolf v. Nat'l Shopmen Pension Fund*, 728 F.2d 182, 185 (3d Cir. 1984)). "Courts require exhaustion of administrative remedies 'to help reduce the number of frivolous lawsuits under ERISA; to promote the consistent treatment of claims for benefits; to provide a nonadversarial method of claims settlement; and to minimize the costs of claims settlement for all concerned.'" *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (quoting *Amato v. Bernard*, 618 F.2d 559, 567 (9th Cir. 1980)). "Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990) (citing *Wolf*, 728 F.2d at 185). Where, however, exhaustion would be futile, a plaintiff is excused from exhausting administrative procedures under ERISA. *See Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990).

> Whether to excuse exhaustion on futility grounds rests upon weighing several factors, including: (1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile.

*Harrow*, 279 F.3d at 250.

Here, Glatt first argues that because exhaustion is an affirmative defense, a plaintiff is not required to plead facts establishing exhaustion of administrative remedies on a Rule 12(b)(6) motion. Although Glatt is correct that the Third Circuit held that ERISA's exhaustion requirement

8

is a "nonjurisdictional affirmative defense" and a plaintiff is not required to plead facts in support of exhaustion, *Metro Life Ins. Co. v. Price*, 501 F.2d 271, 280 (3d Cir. 2007), "the facts that *are* pled may be considered if they definitively establish that remedies were not exhausted" on a Rule 12(b)(6) motion, *Lewis-Burroughs v. Prudential Ins. Co. of Am.*, No. 14-1632, 2015 WL 1969299, at *4 (D.N.J. Apr. 30, 2015). Because Glatt has pled that he "exhausted all of [his] administrative remedies" and the Amended Complaint, and the exhibits attached to Glatt's brief in opposition, plead additional facts on which he bases his claim, the Court will examine the Amended Complaint, and the exhibits, to determine whether they definitively establish that Glatt failed to exhaust administrative remedies.

Subsection 6.11 of the Plan requires that an appeal be filed "within 180 days from the date of receipt of the written notice of any Adverse Benefit Determination." (Plan § 6.11(b).) Additionally, Subsection 6.11 states that the appeal and "any supporting record of medical documentation should be sent to: Central Appeals and Analysis Unit PO Box 17636 Baltimore, MD 21297-1636." (*Id.* § 6.11(d).) Glatt received an Explanation of Benefits on or about March 28, 2012. (*See* Am. Compl. ¶ 40; EOB.) Dr. Cohen filed the "First Level Appeal" approximately thirty-three days later, however, he sent it to "Blue Card of NJ" at "PO Box 1301 Neptune, NJ 07754." (Am. Compl. ¶ 41; 4/30/12 Appeal.) Dr. Cohen filed the "Second Level Appeal" approximately one hundred and forty-five days after receiving the Explanation of Benefits, however, he sent it to "BlueCard Claim Appeals Horizon Blue Cross Blue Shield of NJ" at "P.O. Box 1301 Neptune, NJ 07754-1301." (Am. Compl. ¶¶ 43-44; 8/20/12 Appeal.) Moreover, approximately four hundred and seventy-six days after receiving the Explanation of Benefits, Dr. Cohen sent the "First Level Member Appeal" to the same Post Office Box address as the first two appeals. (Am. Compl. ¶ 46; 7/17/13 Appeal.) It was not until approximately seven hundred and

fourteen days after receiving the Explanation of Benefits that Dr. Cohen attempted to send a written notice of appeal to either CareFirst or GEICO. (Am. Compl. ¶ 49; 3/12/14 Appeal.)

Glatt argues that the facts pled in the Amended Complaint along with the exhibits attached to his brief in opposition clearly show that he exhausted his administrative remedies pursuant to the Plan. (Pl.'s Opp'n Br. 7-8.) Glatt, however, does not address why the first three of his appeals were addressed to "Blue Card," a party not named, or even mentioned, in the Amended Complaint or Glatt's briefing, and why all four of his appeals were sent to locations other than the locations listed in Subsection 6.11 of the Plan. Based on the facts pled in the Amended Complaint and the exhibits Glatt has relied on in support of his brief in opposition, the Court finds that it can definitively conclude that Glatt did not exhaust his administrative remedies because he did not follow the Plan's appeal procedures: he did not file a timely first appeal to CareFirst at the address provided in Subsection 6.11, and he did not file a timely second appeal with GEICO. Accordingly, GEICO has satisfied its burden of showing that no claim has been presented as Glatt has failed to exhaust his administrative remedies.

Finally, Glatt attempts to maintain his ERISA claim on the grounds that exhaustion of the Plan's administrative remedies would have been futile. "While the Third Circuit recognizes that an exception to the exhaustion requirement applies when 'resort to the administrative process [under the ERISA plan] would be futile,' it has held that a plaintiff merits this waiver only when the plaintiff makes 'a clear and positive showing of futility.'" *Montvale Surgical Ctr., LLC v. Horizon Blue Cross Blue Shield of N.J. Inc.*, No. 12-3685, 2013 WL 444758, at *5 (D.N.J. Feb. 5, 2013) (quoting *Harrow*, 279 F.3d at 249). Here, Glatt argues that he should be excused because Dr. Cohen, on Glatt's behalf, diligently pursued administrative remedies, GEICO ignored his appeals, and GEICO failed to follow its own health insurance plan. (Pl.'s Opp'n Br. 13.) Glatt's

assertions that he, or Dr. Cohen on his behalf, diligently pursued administrative relief, however, is contradicted by the facts pled in the Amended Complaint and the exhibits he relies on. Although appeals may have been sent after receiving the Explanation of Benefits, they were sent to an entity not named in this action and to an address not listed in the Plan. Furthermore, Glatt's arguments regarding GEICO's failure to respond and to comply with the Plan are misplaced, because Glatt has failed to show that GEICO ever received the first three appeals. Here, based on the facts pled in the Amended Complaint, and the exhibits relied upon, it would not be possible for Glatt to ever plead futility-based facts to satisfy the pleading standards. Construing the facts in the light most favorable to Glatt, as the Court must do at the motion to dismiss stage, the Court finds good cause to grant GEICO's motion.

### Conclusion

For the reasons set forth above, GEICO's motion to dismiss Glatt's Amended Complaint, with prejudice, is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: April 5th, 2016